PEOPLE v SPENCER

Docket Nos. 78-1024, 78-1025. Submitted June 11, 1979, at Detroit.—
Decided October 17, 1979.

Christopher Spencer was convicted of two counts of criminal
sexual conduct in the third degree and one count of assault
with intent to commit criminal sexual conduct, Recorder's
Court of Detroit, Keith J. Leenhouts, J. All three counts
involved the same complainant and were consolidated for trial.
Defendant appeals and claims that it was error to admit his
underwear into evidence. The arresting officer, believing defen-
dant's underwear contained evidence, ordered defendant to
disrobe and took his undershorts. The clothing was seized
without a search warrant. Defendant also contends that even if
the underpants were legally seized, admission of laboratory
analysis of the blood type into evidence should have been
denied because his and the complainant's blood was type A,
which is an extremely common type, and admission of such
evidence was more prejudicial than probative. *Held:*

1. Any evidence of a crime in the immediate possession of a
person who is arrested, including his clothing, may be seized by
the police without a warrant.

2. Blood tests are generally admissible in criminal prosecu-
tions to prove identity, although additional evidence on the
issue is usually required. The fact that the blood type is a
common one affects the weight, not the admissibility, of the
evidence. The trial court did not abuse its discretion in admit-
ting such evidence.

Affirmed.

1. SEARCHES AND SEIZURES — CLOTHING — PROBABLE CAUSE — MATE-
RIAL EVIDENCE.

Police are entitled to seize any evidence of a crime in the

REFERENCES FOR POINTS IN HEADNOTES

[1] 68 Am Jur 2d, Searches and Seizures §§ 85, 87, 88.
[2] 10 Am Jur 2d, Bastards § 32.
Blood grouping tests. 46 ALR2d 1000.
[3] 29 Am Jur 2d, Evidence § 370.
. 30 Am Jur 2d, Evidence § 1104.
Blood grouping tests. 46 ALR2d 1000.

immediate possession of a person who is arrested, including his clothing, without a warrant, especially where the police have probable cause to believe that the articles of clothing are themselves material evidence of the crime for which he has been arrested.

2. BASTARDS — EVIDENCE — PATERNITY — BLOOD TESTS — ADMISSIBILITY.

Evidence of matching blood types is generally inadmissible to prove paternity.

3. CRIMINAL LAW — EVIDENCE — BLOOD TESTS — IDENTIFICATION — COMMON BLOOD TYPES — ADMISSIBILITY.

The results of blood grouping tests are generally admissible in criminal prosecutions on the question of whether particular blood was the blood of a specified individual; blood tests are generally insufficient to establish identity in the absence of additional evidence on the issue; the fact that the blood type is a common one affects the weight and not the admissibility of such evidence.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Maura D. Corrigan,* Assistant Prosecuting Attorney, for the people.

*Jack Jaffe* and *Howard Hertz,* for defendant.

Before: J. H. GILLIS, P.J., and BEASLEY and R. M. RANSOM,* JJ.

PER CURIAM. Defendant was convicted by a jury of two counts of criminal sexual conduct in the third degree, MCL 750.520d; MSA 28.788(4), and one count of assault with intent to commit criminal sexual conduct, MCL 750.520(g)(1); MSA 28.788(7)(1). He was sentenced to prison terms of 3 to 15 years on the first two counts and 3 to 10 years on the assault count. Defendant appeals as of right raising two issues for our consideration.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant first contends it was error to admit into evidence certain clothing which was seized without a search warrant.

The police arrested defendant on October 12, 1977, and took him to the police station. The arresting officer, believing defendant's underwear contained evidence, ordered defendant to disrobe and took his undershorts. Chemical analysis revealed blood stains of blood type A as well as seminal fluid ascertained to have come from a person with blood type A. Both defendant and the complaining witness had blood type A. Moreover, the complaining witness testified she started menstruating heavily immediately after defendant had intercourse with her.

In *United States v Edwards,* 415 US 800; 94 S Ct 1234; 39 L Ed 2d 771 (1974), the defendant was arrested for attempted breaking and entering. The attempted entry had been made through a wooden window leaving paint chips on the window sill and screen. The defendant's clothes were seized the morning after the arrest and examination revealed paint chips matching samples taken from the window.

In upholding the validity of the warrantless seizure, the Court stated that the police were entitled to take any evidence of the crime in his immediate possession, including his clothing. 415 US at 806. The Court also noted that the police had probable cause to believe that the articles of clothing were themselves material evidence of the crime for which he had been arrested.

Defendant's arguments that *Edwards* is distinguishable from the instant case are without merit.

Defendant also contends that even if the underpants were legally seized, admission of laboratory analysis of the blood type into evidence should

have been denied since the evidence was more prejudicial than probative. Defendant argues that the blood sample on the underpants, although of the same type as the complainant's, was an extremely common type.

We do not believe the trial court abused its discretion in admitting this evidence. While evidence of matching blood types has been held inadmissible to prove paternity, *People v Nichols,* 341 Mich 311; 67 NW2d 230 (1954), *Shepherd v Shepherd,* 81 Mich App 465; 265 NW2d 374 (1978), it has been admitted in criminal cases without comment. See, *e.g., People v Lapsley,* 26 Mich App 424; 182 NW2d 601 (1970), *People v Terry,* 80 Mich App 299; 263 NW2d 352 (1977), *People v McNeill,* 81 Mich App 368; 265 NW2d 334 (1978). In addition, in Anno: *Blood Grouping Tests,* 46 ALR2d 1000, it is reported that the results of blood grouping tests are generally admissible in criminal prosecutions on the question of whether particular blood was the blood of a specified individual, although insufficient to establish identity in the absence of additional evidence on the issue. The fact that the blood type is a common one affects the weight and not the admissibility of the evidence.

In the instant case there was evidence that the complaining witness started menstruating immediately after the act and she identified the defendant as the perpetrator of the act. Under these circumstances we do not believe the trial court abused its discretion in admitting the evidence.

Affirmed.