## PEOPLE v ALLEN

Docket No. 50256. Submitted June 9, 1980, at Lansing.—Decided January 14, 1981. Leave to appeal denied, 410 Mich 906.

This is an interlocutory appeal from an order of the Saginaw Circuit Court, Eugene Snow Huff, J., granting a motion to exclude the results of a blood test from admission into evidence in a felony-murder trial. David W. Allen is charged with first-degree felony murder in connection with the armed robbery-burglary of the victim. A convicted accomplice testified that defendant stabbed the victim in the back and then pushed the knife farther into the victim with the heel of his shoe and that blood gushed onto the heel of defendant's shoe. It is the results of blood tests run on this dried blood that is at issue. The blood tests show that the blood is of the same type as the victim's blood but not that of the defendant or his accomplice. The people appeal from the granting of the motion to exclude this evidence. *Held:*

The evidence is relevant under the rules of evidence because it would tend to obviate the possibility of perjurious testimony and would corroborate the testimony of the accomplice as to the method by which the homicide was perpetrated and by whom. The motion to exclude should have been denied.

Reversed and remanded.

T. M. BURNS, P.J., concurred but wrote separately to reconcile a seeming conflict between earlier holdings regarding the admissibility of blood test evidence. He would hold that, although blood type evidence should not be admissible per se in a criminal prosecution, such evidence should be admissible where, as here, its probative value outweighs its prejudicial effect.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur 2d, Evidence § 370.

30 Am Jur 2d, Evidence § 1104.

Admissibility, weight, and sufficiency of bloodgrouping tests in criminal cases. 2 ALR4th 500.

OPINION OF THE COURT

1. EVIDENCE — CRIMINAL LAW — BLOOD TEST RESULTS — EXCLUSION OF EVIDENCE.

    It is error for a trial court to exclude blood test results from evidence in a felony-murder prosecution where the evidence tends to obviate the possibility of perjurious testimony and would corroborate testimony as to the method by which the homicide was perpetrated and by whom.

CONCURRENCE BY T. M. BURNS, P.J.

2. EVIDENCE — CRIMINAL LAW — BLOOD TYPE EVIDENCE — ADMISSIBILITY OF EVIDENCE.

    *Blood type evidence, although not per se always admissible in a criminal prosecution, is admissible where its probative value outweighs its prejudicial effect.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, and *Patrick M. Meter,* Assistant Prosecuting Attorney, for the people.

*George C. Bush,* for defendant on appeal.

Before: T. M. BURNS, P.J., and BEASLEY and G. R. DENEWETH,* JJ.

PER CURIAM. Defendant is charged with first-degree felony murder, MCL 750.316; MSA 28.548. A factual synopsis discloses that defendant allegedly perpetrated the homicide during an armed robbery-burglary.

Prior to commencement of trial, defendant moved to have the results of certain chemical tests excluded from trial. The motion was granted, whereupon the prosecutor brought the present interlocutory appeal. The prosecutor asserts that the following evidence should be available at trial.

During the episode, the victim, an elderly woman, was stabbed in the back with a knife. She then fell to the floor, face down, with the knife

---

* Circuit judge, sitting on the Court of Appeals by assignment.

handle protruding from her back. The defendant then attempted to push the knife deeper into the victim's body with the heel of his shoe. At this point, blood gushed from the victim onto the heel of the defendant's shoe. The above testimony will come from defendant's accomplice who stands convicted in this episode following a separate trial.

Following defendant's arrest, blood-grouping tests were run on the dried blood on defendant's shoe. These tests showed that the dried blood was type A. It is known that neither defendant nor his accomplice has type A blood. It is known that the victim's blood was type A.

In granting the defendant's motion, the trial court relied on *People v Sturdivant,* 91 Mich App 128; 283 NW2d 669 (1979), and the authorities cited therein. One of the issues discussed in *Sturdivant, i.e.,* the admissibility of the results of blood grouping tests in criminal prosecutions, is not a novel one to this jurisdiction. Some conflict is noted in the case law. See *People v Spencer,* 93 Mich App 605; 286 NW2d 879 (1979). We need not attempt to reconcile these cases in this matter, however.

In the case at bar, the purpose of the proffered evidence is twofold. It is first offered to prove that the blood did not come from either of the perpetrators. It is also offered to corroborate the accomplice's testimony as to the facts surrounding the homicide.

This Court finds that the evidence is relevant under the definition of that term in MRE 401. The evidence would tend to obviate the possibility of perjurious testimony in the first instance and, in the second instance, would certainly corroborate the accomplice's testimony as to the method by which the homicide was perpetrated and by whom.

As such, the motion to exclude the evidence should have been denied.

Reversed and remanded for trial. We retain no jurisdiction.

T. M. BURNS, P.J. *(concurring).* I agree that the lower court order should be reversed; however, I also believe that we should address the seeming conflict in Michigan law regarding the admissibility of blood tests in criminal prosecutions. Compare, *People v Sturdivant,* 91 Mich App 128; 283 NW2d 669 (1979), and *People v Spencer,* 93 Mich App 605; 286 NW2d 879 (1979).

In *People v Sturdivant,* this Court held that the admission of blood type evidence, which had been obtained from the testing of seminal stains, in a criminal prosecution was error where the test was used solely to include the defendant in a class of possible perpetrators of the crime. In particular, the Court noted that the blood test indicated only that the defendant was among 20% of the population that do not secrete their blood type in their body fluids. From this, the Court concluded that the blood test evidence served only to include the defendant in the class of possible assailants and thereby increased the probability of his conviction without connecting him in any affirmative way to the charged offense. Thus, because the probative value of the evidence was minimal and its prejudicial effect quite high, the Court properly found error in the admission of that evidence.

The facts of the case before us, however, are unlike those in *People v Sturdivant.* Rather, they resemble quite closely the facts of *People v Spencer.* In *Spencer,* the defendant was charged with criminal sexual conduct. Blood found on the defendant's undergarments following the assault was

chemically analyzed and found to be identical to the blood type of both the defendant and the complaining witness. However, testimony at trial tended to establish that the blood had come from the body of the complaining witness. This evidence and testimony was admitted at trial and, on appeal, this Court affirmed, holding that, although blood tests are insufficient to establish identity in the absence of additional evidence on the issue, they are generally admissible in criminal prosecutions on the question of whether particular blood was the blood of a specified individual.

The blood type evidence in this case tends to establish that defendant's shoe was stained with human blood of a type that is different than his own but which matches that of the victim. Absent an adequate explanation for the presence on his shoe of human blood of a different blood type than his own, this evidence makes it more likely than would be in its absence that defendant participated in the homicide. Certainly, this evidence, as does all incriminating evidence, prejudices a defendant's case for acquittal. However, the prejudice that arises from the blood type evidence in this case simply does not outweigh the probative value of that evidence. I do not doubt that the trier of fact will be able to give this evidence such weight as is appropriate. Therefore, although I would not hold that blood type evidence is per se always admissible in a criminal prosecution, I would hold that such evidence is admissible in the instant case on the facts as have been presented.