PEOPLE v KINCAID

Docket No. 64526. Submitted April 5, 1984, at Detroit.—Decided June
    6, 1984. Leave to appeal applied for.

Following trial in Recorder's Court of Detroit, Richard P. Hatha-
    way, J., the jury found Timothy Kincaid guilty of three counts
    of first-degree murder, two counts of assault with intent to
    commit murder and felony-firearm. On motion of the prosecu-
    tion, one of the assault counts was dismissed by reason of the
    fact that the assault count involved the same victim as one of
    the murder counts. At the time of the acts giving rise to these
    charges, defendant was 16 years old. Defendant was arrested
    for these crimes and proceedings were initiated in the juvenile
    division of probate court. Defendant thereafter escaped from
    the Wayne County Youth Home and remained at large for
    three years until apprehended in California. After his return to
    Michigan, defendant made an inculpatory statement to the
    police. Defendant appealed, alleging that his statement to the
    police should not have been admitted into evidence because he
    was still under the jurisdiction of the probate court and the
    statement was not taken pursuant to the provisions of the
    Juvenile Court Rules, that he was prejudiced by the failure of
    the prosecution to produce an endorsed witness and to endorse
    and produce certain res gestae witnesses, that the trial court
    erred in commenting to the jury about the trial court's determi-
    nation at the pretrial hearing on defendant's motion to sup-
    press reference to his pretrial statement, and that reversal is
    mandated by reason of the submission to the jury of both the

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence §§ 573, 574.
    47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent
    Children § 50.
[2] 5 Am Jur 2d, Appeal and Error §§ 778, 798.
    29 Am Jur 2d, Evidence §§ 180, 181.
    81 Am Jur 2d, Witnesses § 2.
[3] 29 Am Jur 2d, Evidence §§ 529, 582 et seq.
[4] 6 Am Jur 2d, Assault and Battery § 64.
    21 Am Jur 2d, Criminal Law § 277.
    40 Am Jur 2d, Homicide § 183 et seq.

assault charge and the murder charge involving the same victim. On motion of the defendant, the Court of Appeals remanded to the trial court for an evidentiary hearing on the question of whether the prosecution improperly failed to produce certain res gestae witnesses at trial. Following the hearing, the trial court impliedly found that the endorsed witness who was not produced at trial was not reasonably available because of illness and that the testimony of the alleged res gestae witnesses would have been cumulative. Since those witnesses had not been produced at the hearing in the trial court, defendant moved in the Court of Appeals for an order compelling the production of those witnesses at the evidentiary hearing. That motion was denied by the Court of Appeals. *Held:*

1. Since the defendant was 19 years old at the time he made his statement and the Recorder's Court of Detroit, rather than the probate court, had jurisdiction over the defendant, the defendant's inculpatory statement to the police was not rendered inadmissible at trial by reason of the failure to comply with the mandates of the Juvenile Court Rules.

2. Since the denial of defendant's motion to compel production of the alleged res gestae witnesses at an evidentiary hearing in the trial court did not reach the merits of the trial court's decision on the issues presented in the order of remand, the denial of the motion to compel production of the witnesses at the evidentiary hearing does not act as the law of the case.

3. The trial court did not abuse its discretion in holding that the production of the endorsed witness was excused by reason of ill health.

4. Reversal is not required by reason of the failure to endorse and produce at trial the alleged res gestae witnesses, since it is clear that their testimony could not have possibly convinced even one juror to vote for acquittal.

5. While reversal is mandated where a trial court informs the jury that it has found the defendant's statement to be voluntary, reversal is not mandated where, as here, the trial court, in response to a statement to the jury by defense counsel that the police officer acted unlawfully in securing the statement, informs the jury that the court had found the officer's actions were not improper and were not unlawful, there is an absence of any defense objection to the court's statements, and there is a later instruction to the jury which properly sets forth the jury's duty with respect to its use of this evidence.

6. Since the assault with intent to murder and the murder counts involving the same victim had their basis in separate

acts by the defendant, defendant was properly charged and tried for both. When the jury returned guilty verdicts on both of those counts, the proper remedy to avoid double jeopardy problems was that which was used: the dismissal of the lesser charge after the verdict was announced.

Affirmed.

1. CRIMINAL LAW — CONFESSIONS — INFANTS — JUVENILE COURT RULES.

A statement made by a person who is 19 years old relative to a crime committed by that person when he was 16 years old is not rendered inadmissible at that person's trial as an adult by reason of the failure to comply with the mandates of the Juvenile Court Rules (JCR 6.1[B], 6.2).

2. WITNESSES — RES GESTAE WITNESSES.

The failure of the prosecution to produce a res gestae witness does not require reversal where, in light of the evidence and the theory of the defense, the testimony of the witness could not possibly have convinced even one juror to vote for acquittal.

3. CRIMINAL LAW — EVIDENCE — CONFESSIONS — VOLUNTARINESS — JURY INSTRUCTIONS.

It is error requiring reversal for a trial court to inform a jury that the court in a pretrial hearing found that the defendant's pretrial statement was voluntarily made; reversal is not mandated where, in the absence of an objection by defense counsel and in response to defense counsel's assertion to the jury that the defendant's statement was secured by the police in violation of the law, the trial court informed the jury that the police officer's actions in securing the statement from the defendant have been found by the court not to be improper or unlawful and where the court later properly instructed the jury regarding the jury's function with respect to the statement.

4. CRIMINAL LAW — CONSTITUTIONAL LAW — DOUBLE JEOPARDY.

A criminal defendant may be properly charged with and tried for assault with intent to murder and the murder of the same individual where the assault charge arises out of the defendant's direct acts and the murder charge arises out of the defendant's being an aider and abettor of another.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy

Chief, Civil and Appeals, and *Rosemary A. Gordon,* Assistant Prosecuting Attorney, for the people.

*Warren H. Siegel,* for defendant on appeal.

Before: J. H. GILLIS, P.J., and T. M. BURNS and N. J. KAUFMAN,* JJ.

PER CURIAM. Defendant was charged with, and found guilty by a jury of, three counts of first-degree murder, MCL 750.316; MSA 28.548, two counts of assault with intent to commit murder, MCL 750.83; MSA 28.278, and possession of a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2). The brutal murders for which defendant now stands convicted occurred when he was just 16 years old. He now faces life imprisonment.

After defendant's arrest, he was taken to the Wayne County Youth Home, and proceedings were initiated in juvenile court. Five days later, before any hearing could be held, he escaped, and was apprehended in California over three years later. When he was returned to Michigan, by which time he was 19 years old, he gave the police a very inculpatory statement, which he later recanted at trial. Although defendant's statement was determined to be voluntary in a *Walker*[1] hearing, defendant objects on appeal to its admission at trial. Defendant contends that when he was returned to Michigan he was still under the jurisdiction of the probate court, so that his interrogation as an adult was improper. It is true that defendant's statement was not taken pursuant to JCR 6.1(B) and

---

* Former Court of Appeals Judge, sitting on the Court of Appeals by assignment.

[1] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

6.2, so that, if those rules applied, his statement would be inadmissible. Had the defendant been arrested one year earlier, his argument would raise an interesting legal issue. As the facts stand, however, his contention is without merit.

The record does not reveal by what provision the probate court assumed jurisdiction over defendant. If it was pursuant to MCL 712A.2(a)(1); MSA 27.3178(598.2)(a)(1), this jurisdiction would have expired two years after defendant's seventeenth birthday. Pursuant to MCL 712A.3; MSA 27.3178(598.3), the probate court has jurisdiction over a criminal charge against any person under the age of 17 at the time of the commission of the offense. However, this Court has ruled that the probate court jurisdiction shall be for the limited purpose of holding a waiver hearing pursuant to MCL 712A.4; MSA 27.3178(598.4). *People v Schneider,* 119 Mich App 480; 326 NW2d 416 (1982). The probate court may waive jurisdiction to the court having general criminal jurisdiction over the charged offense. In this case, probate proceedings were held after defendant's return from California, and jurisdiction was waived to Detroit Recorder's Court. Because the Recorder's Court had jurisdiction over defendant after he was returned from California, defendant's interrogation violated no rule or rights. Since defendant's statement was determined to be voluntary in a *Walker* hearing, it was properly admitted in trial.

Defendant also objects to the trial court's rulings with respect to the production at trial of certain alleged res gestae witnesses. Defendant already brought this issue to this Court once before, by way of a motion to remand. We granted his motion on February 23, 1983, and ordered the trial court to conduct an evidentiary hearing pursuant to

*People v Pearson,* 404 Mich 698, 715; 273 NW2d 856 (1979). At that hearing, the trial court impliedly ruled that the prosecutor had shown due diligence in attempting to produce Elizabeth Haliburton, who had been endorsed on the information but whose physician stated that she was suffering from angina and should not testify. The trial court also ruled that the testimony of three other witnesses, who the prosecutor argued were not even res gestae witnesses, would have been cumulative and that their absence did not prejudice the defendant. Defendant then filed a motion with this Court to compel the trial court to produce the witnesses for the evidentiary hearing, which this Court denied.

The prosecution argues that the "law of the case" doctrine prevents this Court from now considering defendant's argument on this issue. However, merely by denying defendant's motion to compel production of the witness at the evidentiary hearing, we did not reach the merits of the trial court's finding in the *Pearson* hearing. In reviewing those findings, we are hampered by the ambiguity of the trial judge's ruling. We nevertheless find no abuse of discretion. Although the trial court did not specifically find that the prosecutor had used due diligence in attempting to produce Elizabeth Haliburton, he did refer to *People v Sullivan,* 97 Mich App 488, 493; 296 NW2d 81 (1980), *lv den* 412 Mich 902 (1982), in which this Court noted that "due diligence means doing everything reasonable, not everything possible". Whether or not the other three witnesses' testimony would have been merely cumulative, we see no indication that defendant was prejudiced by their absence. Considering that defendant did not deny being at the scene of the crime, and none of

these witnesses saw what occurred inside the house, it is difficult to imagine anything these witnesses would relate that might bolster defendant's theory that his participation was coerced. In light of the other evidence, and the theory of the defense, the testimony of these witnesses could not possibly have convinced even one juror to vote for acquittal. *People v Doyan,* 116 Mich App 356, 365; 323 NW2d 397 (1982).

Defendant also argues that the trial court committed reversible error by its comments to the jury concerning the *Walker* hearing. We disagree. In his opening statement, defense counsel told the jury: "Now, the evidence will show that in violation of the law this policewoman went and coerced this young person to make a statement". Upon the prosecution's objection, the trial judge immediately explained to the jury that they were to determine the facts. He added:

"I should also state, ladies and gentlemen, there was a comment made to you that one of the officers did something improper, did something which was unlawful. I would state to you at this point in time that there has been rulings already made by this Court that found that any of the officers' actions in this particular were not improper and were not unlawful."

It is error requiring reversal for a trial judge to inform a jury that the defendant's statement has been found to be voluntary in a pretrial *Walker* hearing. *People v Corbett,* 97 Mich App 438; 296 NW2d 64 (1980), *lv den* 411 Mich 846 (1981), and cases cited therein. The trial court in this case did not inform the jury that the statement had been voluntarily made, but rather that the police had not acted unlawfully in obtaining the statement. This statement did, however, have the same kind

of prejudicial effect of invading the province of the jury.

Because defense counsel failed to object to the court's comment at trial, the issue has not been preserved for appeal. *People v Baker,* 114 Mich App 524; 319 NW2d 597 (1982). However, we will review it to the extent necessary to insure that no manifest injustice will result. In view of the fact that the judge's comment was prompted by defense counsel's allegation of improper police conduct and that the judge properly instructed the jury regarding the defendant's statement at the close of the trial, as well as the fact that we find the other evidence against defendant substantial, we find no reversible error.

Defendant's final contention is that, by allowing the jury to deliberate on both Count II, first-degree murder, and Count V, assault with intent to commit murder, his right against double jeopardy was violated, because assault with intent to commit murder is a lesser included offense of murder.

The constitutional protection against double jeopardy prevents a criminal defendant from being convicted of two offenses where one is a necessarily or cognate lesser included offense of the other. *People v Wilder,* 411 Mich 328, 343-344; 308 NW2d 112 (1981). In this case, however, the charges appear to have been for separate offenses. The evidence indicated that defendant attempted unsuccessfully to shoot Stephanie Ellington, for which defendant was charged with assault with intent to murder. The evidence further indicated that when defendant then told his companion that the gun had not fired, his companion went back and killed Ellington, for which defendant was charged with murder on the theory that he was an aider and abettor. Furthermore, although defen-

dant was found guilty on both counts, the prosecution moved to dismiss the assault charge after the verdict was announced, and the court granted the prosecution's motion. This was the proper remedy, if the separate counts did violate double jeopardy. *People v Jankowski,* 408 Mich 79, 98; 289 NW2d 674 (1980).

Affirmed.