PEOPLE v PUNGA

Docket No. 119971. Submitted October 11, 1990, at Detroit. Decided
January 8, 1991, at 9:00 A.M.

George E. Punga was convicted of two counts of fourth-degree
criminal sexual conduct following a jury trial in Recorder's
Court of Detroit, Edward M. Thomas, J. The defendant ap-
pealed, claiming error in the admission of evidence of blood
type.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion in admitting
the evidence of blood type which placed the defendant among
the thirty-four percent of the male population that could have
produced the semen found on the victim's clothing. Such evi-
dence is relevant under MRE 401.

2. None of the other issues raised by the defendant require
reversal of his conviction.

Affirmed.

CRIMINAL LAW — EVIDENCE — BLOOD TYPE.

Evidence of blood type that places a defendant within a certain
population group is relevant in that it has some tendency to
make a fact of consequence more or less probable (MRE 401).

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, *John D. O'Hair,* Prose-
cuting Attorney, *Timothy A. Baughman,* Chief of
Research, Training and Appeals, and *Robert A.
Radnick,* Assistant Prosecuting Attorney, for the
people.

*Kenneth J. Morris,* for the defendant.

Before: McDONALD, P.J., and HOOD and REILLY,
JJ.

REFERENCES
Am Jur 2d, Evidence §§ 370, 1104.
Admissibility, weight, and sufficiency of blood-grouping tests in
criminal cases. 2 ALR4th 500.

McDonald, P.J. Defendant, originally charged and tried on five counts of third-degree criminal sexual conduct, MCL 750.520d; MSA 28.788(4), was convicted by jury of two counts of fourth-degree criminal sexual conduct, MCL 750.520e; MSA 28.788(5), and, now raising several alleged errors, appeals his convictions as of right. We affirm.

Defendant raises a host of issues on appeal. However we find only one merits extended discussion because it involves the resolution of a conflict subject to the Supreme Court's recent Administrative Order No. 1990-6, dated October 5, 1990, 436 Mich xxxi, regarding conflict resolution in the Court of Appeals. Defendant claims the trial court erred in admitting evidence of blood type indicating defendant was among thirty-four percent of the male population that could have produced the semen found on the victim's clothing. We disagree.

There is somewhat of a split among the panels of this Court regarding whether evidence of blood type, such as the evidence in this case, is admissible. Until 1979, implicit approval had been given to use of this evidence. See *People v White,* 102 Mich App 156; 301 NW2d 837 (1980). Then, for the first time, a panel of this Court in *People v Sturdivant,* 91 Mich App 128; 283 NW2d 669 (1979), held that admission of evidence of blood type solely for the purpose of including the defendant within a group of possible perpetrators was erroneous because it had no probative value. In *People v Spencer,* 93 Mich App 605; 286 NW2d 879 (1979), released shortly after *Sturdivant,* another panel of this Court reached the opposite conclusion and held such evidence admissible. No reference was made to the *Sturdivant* decision. However, shortly thereafter, yet another panel of the Court in *People v Horton,* 99 Mich App 40; 297 NW2d 857 (1980), vacated on other grounds 410 Mich 865

(1980), addressed the issue and, expressly rejecting the position reached by the *Sturdivant* Court, held such evidence, like other pieces of physical evidence that show possible connections between defendants and criminal acts, admissible, the weight to be given the evidence being subject to the jury's determination.

The vast majority of cases decided since *Sturdivant* and *Horton* have followed the *Horton* rationale. See *People v Camon,* 110 Mich App 474; 313 NW2d 322 (1981); *People v Eaton,* 114 Mich App 330; 319 NW2d 344 (1982); *People v Thorin,* 126 Mich App 293; 336 NW2d 913 (1983); *People v Finley,* 161 Mich App 1; 410 NW2d 282 (1987); *People v Harden,* 166 Mich App 106; 420 NW2d 136 (1988), rev'd in part on other grounds 433 Mich 851 (1989). We conclude that the *Horton* rationale is the better view. Evidence of blood type that places a defendant within a certain group of the population is relevant according to the definition of relevant evidence contained in MRE 401, in that it has some tendency to make the existence of a fact of consequence to the determination of the action more or less probable than it would be without the evidence. We therefore find no abuse of discretion in the trial court's decision to admit the instant evidence of blood type.

We also reject defendant's remaining claims of error because any error in the evidentiary rulings regarding defendant's expert's testimony was harmless; defendant failed to properly object to the prosecutor's alleged improper remarks, *People v Michael,* 181 Mich App 236; 448 NW2d 786 (1989), and we find no manifest injustice. Contrary to defendant's assertions on appeal, the magistrate's decision to clear the courtroom of all bystanders, including defendant's mother, was not challenged at the trial court level, *People v Strunk,* 172 Mich

App 208; 431 NW2d 223 (1988); the prosecution presented sufficient evidence to enable a rational trier of fact to conclude the essential elements of fourth-degree criminal sexual conduct were proven beyond a reasonable doubt, *People v Jackson,* 178 Mich App 62; 443 NW2d 423 (1989), and finally, we find no evidence on the record that defendant requested the trial court to instruct the jury regarding the lesser included offense of simple battery or that he objected to the instructions as given, *People v Pixler,* 134 Mich App 143; 350 NW2d 765 (1984).

Affirmed.