# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RAYMOND CHARLES PIERSON,

Defendant-Appellant.

FOR PUBLICATION
September 12, 2017
9:20 a.m.

No. 332500
Washtenaw Circuit Court
LC No. 10-001241-FH

Before: MARKEY, P.J., and RONAYNE KRAUSE and BOONSTRA, JJ.

RONAYNE KRAUSE, J.

Defendant appeals by delayed leave granted the trial court's order denying his postconviction motion for relief from judgment pursuant to MCR 6.502. Defendant was convicted by a jury of first-degree home invasion, MCL 750.110a(2); felon in possession of a firearm, MCL 750.224f; possession of a firearm during the commission of a felony, second offense, MCL 750.227b; and resisting and obstructing a police officer, MCL 750.81d(1). On appeal, this Court affirmed.[1] Defendant thereafter filed a motion for relief from judgment pursuant to MCR 6.502, contending that the trial court deprived him of a fair trial by commenting on the admissibility of a statement he made to an arresting police officer and precluding further questioning of the circumstances surrounding the statement. This Court granted leave to appeal limited to the above issue. We affirm.

Defendant's convictions arose out of police officers discovering defendant engaged in an altercation with another person, both of whom had their hands on a semiautomatic rifle. Relevant to the instant appeal, officers on the scene testified that defendant told them, unprompted, that "I broke into the house but the guy had the gun." The trial court held a hearing and found the statement admissible. At trial, the trial court cut off redirect questioning of one of the officers by the prosecutor into, apparently, the circumstances of that statement and when the officer read *Miranda*[2] rights, stating, "The Court already held a hearing on this matter and I have

---

[1] *People v Pierson*, unpublished opinion per curiam of the Court of Appeals, issued December 10, 2013 (Docket No. 309315).

[2] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

ruled that the defendant was properly advised of his rights and that the statements that have been introduced are admissible." Defense counsel objected, to which the trial court replied "Fine, go ahead. It's true. Have a seat." On recross examination, defense counsel asked the officer about the statement and mentioned the court's remark about its admissibility, to which the officer replied "The Judge said it. I don't know if I appreciate it." The trial court then stated, "You know what, that doesn't matter either. So go ahead." The officer then confirmed that defendant had made statements to him and to other officers. Defendant contends that the trial court's remarks deprived him of a fair trial, especially because he denied having made the statement at all.

Although trial judges enjoy great discretion and wide latitude in conducting trials, they must not intentionally or unintentionally deprive a criminal defendant of a fair trial. *Wheeler v Wallace*, 53 Mich 355, 357-358; 19 NW 33 (1884). Usually, although not always, objections are required to preserve issues for appeal. See *People v Grant*, 445 Mich 535, 546-547; 520 NW2d 123 (1994). Where objection would "ha[ve] to be made to the trial judge himself concerning his own conduct," review without the benefit of an objection may be particularly appropriate. *People v Collier*, 168 Mich App 687, 697; 425 NW2d 118 (1988). Trial counsel did object to the trial court's commentary to some extent, although no explication was given; the trial court's conduct, insofar as it is discernable from the transcript, suggests that any further efforts by counsel would have been futile or counterproductive.

It has long been established that it is error for a trial court to inform a jury that it had already determined a defendant's confession to be voluntary, although such an error may or may not warrant reversal. *People v Gilbert*, 55 Mich App 168, 171-173; 222 NW2d 305 (1974) and *People v Williams*, 46 Mich App 165, 169-170; 207 NW2d 165 (1973); both relying on *People v Walker (On Reh)*, 374 Mich 331; 132 NW2d 87 (1965). Analogously, informing the jury that the trial court had already determined police officers' conduct to have been proper and lawful in the context of an allegedly coerced confession is, as a practical matter, the same error, albeit also not necessarily one mandating reversal. *People v Kincaid*, 136 Mich App 209, 215-216; 356 NW2d 4 (1984). This Court reviews the issue to determine whether plaintiff received a fair trial. *Wheeler*, 53 Mich at 357-358.

It is no particular stretch to further extrapolate that there is little substantive difference between advising the jury that a confession had previously been ruled voluntary after a hearing, and advising the jury that the confession had previously been ruled admissible after a hearing. I decline to presume that lay jurors would appreciate the distinction. The practical effect of such a line of commentary is simply to impress upon the jury that the trial court had already engaged in some manner of extraordinary analysis of the propriety of the confession and arrived at a conclusion unfavorable to the defendant. It would be splitting semantic hairs for us to find otherwise. However, by the same extrapolation from established case law, such an error must be subject to review for harmlessness. Under the circumstances of this case, I find the statements erroneous but harmless.

First, I think it likely that the officer's remark that he did not "appreciate" the trial court's statement blunted the latter's effect on the jury. Given that the trial court cut off the prosecutor's questioning, I doubt the jury would have unambiguously understood it to favor the prosecution or the defense. More importantly, the trial court properly instructed the jury that its rulings and

comments were not evidence, that the jury must disregard any opinion it believed the judge might have, and that the jury was the sole judge of the facts. Juries are presumed to follow their instructions "unless there is an overwhelming probability that the jury will be unable to follow the court's instructions, and a strong likelihood that the effect of the evidence would be devastating to the defendant." *People v Dennis*, 464 Mich 567, 581; 628 NW2d 502 (2001) (internal quotation omitted). As noted, I think the effect the trial court's statement might have had on the jury to be fairly mild. Significantly, ample other evidence was properly admitted establishing both the content of defendant's statement and the fact that he had not been advised of his *Miranda* rights when he allegedly made it. Finally, defendant's theory of the case, as reflected by closing argument to the jury, was that the other people ostensibly involved in the alleged crimes were unreliable or absent, and possibly that the police officers were incompetent.

The overwhelming likelihood is that the trial court's erroneous remark, although clearly intemperate and unwise, had little to no effect on the outcome of the case. My conclusion in this regard is limited to the facts and circumstances before us, and I would expressly decline to craft a bright-line rule regarding reversal, or whether a similar error would be harmless or outcome-determinative in any other case. I hold only that in *this* case, defendant was not deprived of a fair trial on the basis of the erroneous commentary, and the trial court properly declined to grant him relief from judgment on that basis. I therefore do not consider any argument pertaining to the absence of this or any other issue from defendant's prior appeal.

Affirmed.

/s/ Amy Ronayne Krause