PEOPLE v WALKER

Docket No. 51185. Submitted May 27, 1981, at Lansing.—Decided December 1, 1981.

Henry L. Walker was convicted of breaking and entering an occupied dwelling. He appealed, and his conviction was reversed and the case remanded for a new trial. 86 Mich App 155 (1978). The defendant again was arraigned on the original charge, but a notice for trial was not filed until 226 days thereafter. The defendant moved to dismiss the charges, alleging violation of the rule that criminal actions against a prison inmate must be brought within 180 days of the filing of the charges by a prosecutor having notice of the defendant's prison inmate status. Jackson Circuit Court denied the motion, and the defendant subsequently pled guilty to entering without breaking, Charles J. Falahee, J. He appeals. *Held:*

The period of time in which to bring the action against the defendant began to run upon his arraignment following remand. The prosecutor was obligated to make a good faith effort to commence the action within 180 days from that time. The prosecution neither commenced the action within the prescribed period nor demonstrated good faith on its part to justify the delay. The trial court erred in denying the defendant's motion. In addition, it had no jurisdiction to accept the defendant's plea.

Reversed.

CRIMINAL LAW — PRISONERS — SPEEDY TRIAL — 180-DAY RULE.

The period of time in which a criminal action may be commenced against a prison inmate begins to run upon the issuance of a warrant, indictment, or complaint against the inmate, or when a person is incarcerated when there is an untried warrant, indictment, information, or complaint pending against him, and the prosecutor knows or should know that the defendant is so incarcerated when the warrant is issued or the Department of Corrections knows or should know that a warrant is pending against the inmate upon incarceration; failure to bring an

REFERENCE FOR POINTS IN HEADNOTE
21A Am Jur 2d, Criminal Law §§ 654-656, 857.

action within the prescribed period must result in a dismissal of the charges with prejudice unless the prosecution can demonstrate that it took good faith action within the time period to ready the case for trial and that the delay was justified (MCL 780.131, 780.133; MSA 28.969[1], 28.969[3]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Assistant Prosecuting Attorney, for the people.

*Susan J. Smith,* Assistant State Appellate Defender, for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and M. F. CAVANAGH and BEASLEY, JJ.

PER CURIAM. Defendant originally was convicted by a jury of breaking and entering an occupied dwelling, MCL 750.110; MSA 28.305. On October 2, 1978, a panel of this Court reversed defendant's conviction and remanded for a new trial. *People v Walker,* 86 Mich App 155; 272 NW2d 222 (1978). On November 7, 1978, defendant was rearraigned on the original charge, and counsel was appointed. No further action was taken in defendant's case for 226 days until June 21, 1979, when a notice for trial was filed. On the same day, defense counsel filed a motion to dismiss the charges alleging violation of the 180-day rule, MCL 780.131; MSA 28.969(1). This motion was denied, and subsequently defendant pled guilty to a reduced charge of entering without breaking, MCL 750.111; MSA 28.306. Thereafter sentenced from 3 to 5 years imprisonment with 954 days credit, he appeals as of right.

Defendant claims that the prosecution violated the 180-day rule, MCL 780.131; MSA 28.969(1), and thus, the trial court was divested of its jurisdiction

under MCL 780.133; MSA 28.969(3) when it accepted his guilty plea. The trial court found that, although the prosecuting attorney was aware of defendant's imprisonment, the 180-day rule did not apply since the defendant was rearraigned on the principal charge after reversal of his conviction.

MCL 780.131 and 780.133; MSA 28.969(1) and 28.969(3), commonly known as the 180-day rule, provide respectively in pertinent part:

"SEC. 1. Whenever the department of corrections shall receive notice that there is pending in this state any untried warrant, indictment, information or complaint setting forth against any inmate of a penal institution of this state a criminal offense for which a prison sentence might be imposed upon conviction, such inmate shall be brought to trial within 180 days after the department of corrections shall cause to be delivered to the prosecuting attorney of the county in which such warrant, indictment, information or complaint is pending written notice of the place of imprisonment of such inmate and a request for final disposition of such warrant, indictment, information or complaint."

And:

"SEC. 3. In the event that, within the time limitation set forth in section 1 of this act, action is not commenced on the matter for which request for disposition was made, no court of this state shall any longer have jurisdiction thereof, nor shall the untried warrant, indictment, information or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice."

The statutory period begins to run, *inter alia,* upon the incarceration of a defendant in a state prison when there is an untried information pend-

ing against such defendant and the prosecutor knows or should know that the defendant is so incarcerated when the information is issued. *People v Hill*, 402 Mich 272; 262 NW2d 641 (1978).

The record in this case indicates that the defendant was rearraigned on the original information and arraigned on a supplemental information on November 7, 1978. He was a state prison inmate on this date, and the prosecutor knew of defendant's incarceration. Therefore, the statutory 180-day period began to run on the date of arraignment. The next action in this case was taken 226 days later when a notice for trial was filed on June 21, 1979. We find the record insufficient to warrant a finding of prosecutorial good faith that would justify the 226-day delay. Although defendant's trial did not need to be concluded within 180 days, the prosecution must take good faith action within that time to ready the case for trial. *People v Hendershot*, 357 Mich 300; 98 NW2d 568 (1959).

Further, we are not persuaded by the prosecutor's argument that the 180-day rule is inapplicable since any sentence imposed on retrial would be retroactive to the date of the original sentencing and, therefore, not within the legislative intent of the 180-day statute. Once the conviction was reversed, an untried information was pending, and the language of the statute clearly applied. If an exception is to be made for cases after reversal, that distinction should be written by the Legislature, not by this Court. See *People v Moore*, 96 Mich App 754; 293 NW2d 700 (1980). Where, as here, the statutory language is clear and unambiguous, any inquiry into legislative intent is unnecessary, and the statute will be applied as written. *Blackwell v Bornstein*, 100 Mich App 550, 554; 299 NW2d 397 (1980). Even if we examined legislative

intent, we would find the prosecution's assertion to be without merit. The purpose of the 180-day rule is not only to give an inmate the opportunity to have sentences run concurrently, but to guarantee inmates their constitutional right to a speedy trial. *Hill, supra.*

Accordingly, we find that the trial court erred in denying the motion to dismiss and that it had no jurisdiction to accept defendant's plea. We reverse defendant's conviction and dismiss with prejudice.

Reversed.