PEOPLE v NEWMAN

Docket No. 68130. Submitted November 15, 1983, at Detroit.—Decided February 8, 1984. Leave to appeal applied for.

Donald L. Newman was convicted of voluntary manslaughter in Wayne Circuit Court. His conviction was vacated by the Court of Appeals and remanded with instructions to enter a judgment of conviction of involuntary manslaughter but the Court permitted the prosecutor the option of vacating that conviction and seeking a new trial, *People v Newman,* 107 Mich App 535 (1981). On July 22, 1982, defendant filed a motion to dismiss or, in the alternative, for resentencing, alleging that the trial court had lost jurisdiction to either retry defendant or enter a conviction for involuntary manslaughter. On August 20, 1982, the trial court, Richard D. Dunn, J., denied the motion to dismiss and granted the prosecution's motion for resentencing. Defendant appealed. *Held:*

1. The 180-day rule does not apply to defendant's situation.

2. Defendant was given an adequate opportunity to exercise his right to allocution.

3. The trial court adequately responded to defendant's objections to the presentence report.

Affirmed.

Criminal Law — Sentencing — 180-Day Rule — Appeal.

The 180-day rule does not apply to prevent the entry of a conviction of involuntary manslaughter and sentencing on that conviction more than 180 days after exhaustion of the appellate procedures where the appellate court last passing on the merits remanded the case for entry of judgment of conviction of involuntary manslaughter but permitted the prosecutor the option of vacating that conviction and seeking a new trial on the original charge.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,*

Reference for Points in Headnote
21 Am Jur 2d, Criminal Law § 526.

Prosecutor Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Janice M. Joyce Bartee,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Chari Grove),* for defendant on appeal.

Before: GRIBBS, P.J., and D. E. HOLBROOK, JR., and R. E. ROBINSON,* JJ.

PER CURIAM. On August 1, 1979, defendant was convicted by a jury of voluntary manslaughter and was thereafter sentenced to a prison term of from 10 to 15 years. Defendant then appealed as of right to this Court which reversed the case and remanded for entry of judgment of conviction of involuntary manslaughter. This Court additionally granted the prosecution the option of vacating that conviction and seeking a new trial. *People v Newman,* 107 Mich App 535; 309 NW2d 657 (1981). The Supreme Court denied application for leave to appeal to both parties on December 22, 1981, 412 Mich 890 (1981). On July 22, 1982, defendant filed a motion to dismiss or, in the alternative, for resentencing, alleging that the trial court had lost jurisdiction to either retry defendant or enter a conviction for involuntary manslaughter. On August 20, 1982, the trial court denied the motion to dismiss and granted the prosecution's motion for resentencing. Defendant was sentenced to from 7-1/2 to 15 years imprisonment and appeals as of right.

Defendant first claims there was a violation of the 180-day rule, MCL 780.131; MSA 28.969(1). We disagree. Defendant's reliance on *People v Walker,*

---

* Former Circuit Court judge, sitting on the Court of Appeals by assignment.

111 Mich App 641; 314 NW2d 721 (1981), is misplaced. The instant case is distinguishable from *Walker* in that in the case at bar there was no untried information pending and no rearraignment. We find the 180-day rule to be inapplicable herein.

Defendant additionally contends that the trial court failed to respond to defendant's objection to portions of the presentence report and denied defendant his right of allocution. We have examined the record and briefs and find defendant had an adequate opportunity to exercise his right of allocution and the trial court adequately responded to defendant's objections. GCR 1963, 785.12. We find no reversible error.

Affirmed.