PEOPLE v PIXLER

Docket No. 69640. Submitted January 5, 1984, at Detroit.—Decided March 13, 1984.

Donald R. Pixler was charged with two counts of armed robbery, one count of assault with intent to commit murder, and felony-firearm and was convicted of two counts of armed robbery, assault with intent to do great bodily harm less than murder, and felony-firearm, Wayne Circuit Court, John H. Hausner, J. Defendant appealed. *Held:*

1. There was sufficient evidence to support defendant's convictions for armed robbery and assault with intent to do great bodily harm less than murder.

2. The trial judge did not err by failing to instruct the jury on the lesser included offense of careless, reckless, or negligent use of a firearm. This instruction was not requested and there was no objection to the instructions as given.

3. The jury was properly instructed on specific intent. The trial judge used the Standard Criminal Jury Instructions as requested by the Supreme Court in its Administrative Order No. 1977-1, 399 Mich lxxii (1977).

4. There was no violation of the statute requiring prison inmates awaiting trial on other charges to be tried within 180 days. Defendant was previously convicted of the same charges, but his convictions were overturned. Once defendant's original convictions were reversed on appeal, he was no longer an inmate of the state prison awaiting trial on other charges but a pretrial detainee. Therefore, the statute did not apply.

Affirmed.

1. CRIMINAL LAW — JURY INSTRUCTIONS — LESSER INCLUDED OFFENSES.

A trial judge does not err in failing to give a jury instruction on a lesser included offense to the crime charged where there was no request for the instruction and no objection to the instruction given.

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial §§ 876, 877, 882.

[2] 21A Am Jur 2d, Criminal Law § 849 *et seq.*

2. Criminal Law — 180-Day Rule.
   The statute providing that an inmate of a penal institution be tried within 180 days of receipt of notice of outstanding charges against the inmate by the Department of Corrections does not apply to an inmate whose conviction is reversed on appeal; once his conviction is reversed, he is no longer an inmate awaiting trial on other charges, but a pretrial detainee (MCL 780.131; MSA 28.969[1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Carolyn Schmidt,* Assistant Prosecuting Attorney, for the people.

*Gerald A. Sniderman & Associates* (by *Gerald A. Sniderman),* for defendant.

Before: J. H. Gillis, P.J., and T. M. Burns and R. E. Robinson,* JJ.

Per Curiam. Defendant was charged with two counts of armed robbery, MCL 750.529; MSA 28.797, one count of assault with intent to commit murder, MCL 750.83; MSA 28.278, and possession of a firearm during the commission or attempt to commit a felony, MCL 750.227b; MSA 28.424(2). A jury convicted defendant of two counts of armed robbery, assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, and felony-firearm. Defendant was sentenced to 10 to 20 years imprisonment for each armed robbery count, 6 to 10 years for the assault, and 2 years for felony-firearm. Defendant appeals as of right.

Sufficient evidence was presented at trial to support defendant's convictions for armed robbery and assault with intent to do great bodily harm.

* Former circuit judge, sitting on the Court of Appeals by assignment.

Although defendant presented an intoxication defense, the prosecution presented several witnesses to refute that defense. The jury verdict, therefore, will not be disturbed on appeal. *People v Palmer,* 392 Mich 370, 375-376; 220 NW2d 393 (1974).

The trial judge did not err by failing to instruct the jury on the lesser included offense of careless, reckless, or negligent use of a firearm; this instruction was not requested and there was no objection to the instructions as given. *People v Handley,* 415 Mich 356, 360; 329 NW2d 710 (1982).

The jury was properly instructed on specific intent. The trial judge used the Standard Criminal Jury Instructions as requested by the Supreme Court in its Administrative Order No. 1977-1, 399 Mich lxxii (1977).

There was no violation of the 180-day rule, MCL 780.131; MSA 28.969(1). Once defendant's original conviction was reversed on appeal, he was no longer an inmate of the state prison awaiting trial on other charges, but a pretrial detainee. Therefore, the statute did not apply.

Affirmed.