PEOPLE v HOLBROOK

Docket No. 64799. Submitted December 12, 1983, at Detroit. Decided September 9, 1986.

Darol Wayne Holbrook was convicted of first-degree murder, Wayne Circuit Court, Charles Kaufman, J. During trial, the prosecution introduced evidence of the results of a serological electrophoresis analysis of blood found on defendant's shoes. Defendant appealed.

The Court of Appeals *held:*

1. Evidence of the results of serological electrophoresis analysis is not admissible in a criminal trial.

2. The prosecutorial comment that defendant has "never" offered an adequate explanation of the presence of blood on his shoe impermissibly drew the jury's attention to the fact that defendant did not take the stand and had the effect of shifting the burden of proof onto defendant.

Reversed and remanded with instructions.

1. CRIMINAL LAW — EVIDENCE — SEROLOGICAL ELECTROPHORESIS.
Evidence of the results of serological electrophoresis analysis is not admissible in a criminal trial.

2. COURTS — SUPREME COURT — OPINIONS — STARE DECISIS.
A decision by three justices of the Supreme Court who constitute a majority of a legally constituted quorum is binding on the Court of Appeals and the trial courts.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Frank J. Bernacki,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *John Nussbaumer*), for defendant on appeal.

REFERENCES
Am Jur 2d, Evidence §§ 1, 249, 251-257, 267.
See the annotations in the Index to Annotations under Criminal Law.

Before: DANHOF, C.J., and ALLEN and M. E. DODGE,* JJ.

PER CURIAM. On December 4, 1981, the nude body of the deceased was found in a field one-half mile from the bowling alley at which she was last seen. She had been brutally beaten, stabbed several times, and raped. Defendant was arrested two hours after the body was found. On March 9, 1982, a jury found defendant guilty of first-degree murder, an offense which carries a mandatory sentence of life in prison. From that conviction, defendant appeals.

First, defendant argues that his arrest was not based on probable cause and that therefore certain pieces of evidence seized during his initial detention, including one of his shoes on which blood was found, should have been excluded. Second, defendant argues that serological electrophoresis, the technique used to compare the blood on defendant's shoe to the victim's blood, has not achieved general scientific acceptance for reliability and that consequently evidence derived from that technique should not have been permitted. Because the latter issue was pending before the Supreme Court in *People v Young,* 418 Mich 1; 340 NW2d 805 (1983), we ordered on July 19, 1984, that the instant case be held in abeyance. Because *Young* has now been decided after remand, released August 5, 1986, 425 Mich 470; 391 NW2d 270 (1986), we now address the merits of defendant's appeal.

I

When defendant was arrested, the police had the following information. On December 3, 1981, the

* Circuit judge, sitting on the Court of Appeals by assignment.

deceased, another woman, and Beth Bialecki had bowled in a league at Plaza Lanes in Plymouth. Just prior to leaving the bowling alley at 10:30 P.M., Ms. Bialecki and the deceased made plans to meet immediately thereafter at a nearby Denny's Restaurant. The deceased wanted to get something to eat because she was to report to work at midnight. Ms. Bialecki and the other woman left the alley by the front door. The deceased and defendant, whom the police report[1] described as "a man who had earlier been with them" left by the side door. Defendant was carrying the deceased's bowling ball.

After waiting thirty to forty-five minutes for the deceased at the restaurant, Ms. Bialecki returned to the bowling alley to find the deceased's car still there. Later that evening, she called the deceased's work place and found that she had not reported to work. At around 3:30 or 4:00 A.M., after finally obtaining his phone number, Ms. Bialecki called defendant. Defendant told her that the last time he saw the deceased was when he walked her to her car. When he went back into the bowling alley, the deceased was in her car and the engine was running.

Searching the car later on the morning of the fourth, the police found the deceased's bowling ball in the back seat and items from her purse strewn about the floor. Lieutenant Berghoff of the Plymouth Police Department viewed the body shortly after it was found at approximately 2:00 P.M. on December 4, 1981. Because the body was nude and because of other factors at the scene, it was Lieutenant Berghoff's opinion that the victim had been

---

[1] The police report was admitted into evidence as an exhibit at the evidentiary hearing on defendant's motion to suppress evidence. Lieutenant Berghoff testified at the hearing that the contents of the report had been conveyed to him orally before he effectuated defendant's arrest.

sexually assaulted. A computer check of defendant's criminal record indicated that he had been convicted of attempted rape in 1974. Defendant did not report to work the next morning.

This Court reviews an officer's determination of probable cause to arrest by asking whether a person of reasonable prudence and caution (not a legal scholar) would believe that the person arrested had committed a felony. *People v Shabaz*, 424 Mich 42, 58; 378 NW2d 451 (1985); *People v Melvin Davis*, 146 Mich App 537, 542; 381 NW2d 759 (1985). This inquiry is made by looking to the facts available to the officer at the moment of arrest. *People v Oliver*, 417 Mich 366, 374; 338 NW2d 167 (1983). The standard is one of objective reasonableness without regard to the underlying intent or motivation of the officers involved. *People v Cook*, 153 Mich App 89; 395 NW2d 16 (1986).

In *People v Myshock*, 116 Mich App 72; 321 NW2d 849 (1982), the defendant was arrested because he matched a superficial description of the robber, because his car had been seen in the vicinity of the robbery approximately ten minutes before it occurred, and because he had two prior robbery convictions. This Court found probable cause existed to justify defendant's arrest. See, also, *People v Mitchell*, 138 Mich App 163; 360 NW2d 158 (1984).

In the instant case, defendant was seen with the deceased moments before the assault must have occurred. Defendant had a history of at least one prior criminal sexual assault. Also, defendant's conduct afterwards was suspect. He did not report to work the following morning. His statement to Ms. Bialecki that he left the deceased in her car with the engine running was inconsistent with the fact that Ms. Bialecki found the car at the bowling alley thirty to forty-five minutes later. We con-

clude Lieutenant Berghoff had probable cause to arrest the defendant.

II

State police serologist Charles Barna testified that he used electrophoresis to determine that the blood of the deceased occurred in only .071 percent of the general population and that the deceased's blood was of the same type as that found on defendant's shoe. This was crucial evidence.

On August 5, 1986, the Supreme Court ruled in *People v Young (After Remand), supra,* that electrophoresis blood typing has not gained sufficient acceptance for reliability in the scientific community to permit its use in criminal trials. Even though the decision was rendered by a three-to-two vote, this Court is bound to follow it. *Negri v Slotkin,* 397 Mich 105; 244 NW2d 98 (1976).

On this basis, we reverse defendant's conviction and remand for new trial.

III

Defendant also claims that the prosecutor improperly shifted the burden of proof by arguing that defendant had failed to adequately explain the presence of blood on his shoe. During his initial detention, defendant was asked about what appeared to be blood on his shoe and how it had gotten there. Defendant's replies are party admissions and, absent a showing that they were involuntary, were properly introduced and commented upon during trial. MRE 801(d)(2). These replies were certainly not "nonutterances." *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973), has no application here. However, the prosecutorial comment

that defendant has "never" offered an adequate explanation of the presence of blood on his shoe impermissibly drew the jury's attention to the fact that defendant did not take the stand and had the effect of shifting the burden of proof onto defendant. This error should not be repeated on retrial. Retrial will also afford defendant the opportunity to correct the omission of his defense counsel in failing to request an instruction on attempted first-degree criminal sexual conduct.

In light of our disposition, the remaining claims of error need not be addressed.

Reversed and remanded for new trial.