PEOPLE v HOLBROOK

Docket No. 108777. Submitted April 14, 1989, at Detroit. Decided July 24, 1989.

Darol Wayne Holbrook was convicted of first-degree murder in 1982 by a jury in the Wayne Circuit Court, Charles Kaufman, J. Defendant commenced serving a sentence of imprisonment. The Court of Appeals reversed the conviction and remanded for a new trial. 154 Mich App 508 (1986). Prior to the commencement of a new trial in Detroit Recorder's Court, defendant moved for, and the trial court, Prentis Edwards, J., denied, a motion for dismissal brought on the basis of a claimed violation of the 180-day rule. Defendant pled nolo contendere to second-degree murder and appealed the denial of his motion to dismiss.

The Court of Appeals *held:*

MCL 780.131; MSA 28.969(1), the statute providing that an inmate of a penal institution be tried within 180 days of receipt of notice of outstanding charges against the inmate by the Department of Corrections, does not apply to an inmate, such as the defendant in this case, whose conviction is reversed on appeal. Once that inmate's conviction is reversed, he is no longer an inmate awaiting trial on other charges, but is then a pretrial detainee.

Affirmed.

CRIMINAL LAW — 180-DAY RULE.

The statute providing that an inmate of a penal institution be tried within 180 days of receipt of notice of outstanding charges against the inmate by the Department of Corrections does not apply to an inmate whose conviction is reversed on appeal; once his conviction is reversed, he is no longer an inmate awaiting trial on other charges, but is then a pretrial detainee (MCL 780.131; MSA 28.969[1]).

REFERENCES

Am Jur 2d, Criminal Law §§ 849 *et seq.;* Penal and Correctional Institutions § 111.

See the Index to Annotations under Prisons and Prisoners; Speedy Trial.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

*Sean M. Taylor,* for defendant on appeal.

Before: GRIBBS, P.J., and MURPHY and NEFF, JJ.

PER CURIAM. Defendant appeals as of right from his plea-based conviction for second-degree murder, MCL 750.317; MSA 28.549. Defendant was sentenced to twenty to thirty years of imprisonment. We affirm.

I

In 1982, defendant was convicted by a jury of first-degree murder. On September 9, 1986, this Court reversed defendant's conviction and remanded for a new trial. 154 Mich App 508; 397 NW2d 832 (1986). Defendant's new trial was scheduled for February 22, 1988.

On February 5, 1988, the trial court denied defendant's motion to dismiss based on a violation of the 180-day rule, MCL 780.131; MSA 28.969(1). That same day, defendant pled nolo contendere to second-degree murder.

II

Defendant's sole contention on appeal is that the trial court was divested of its jurisdiction when it accepted his plea because the prosecution violated the 180-day rule. The prosecution, on the other hand, contends that the 180-day rule is inapplicable here because, although defendant remained

physically in the custody of the Department of Corrections after his sole conviction was reversed on appeal, defendant was a pretrial detainee, and not an inmate of the state penal system. We agree with the prosecution that the 180-day rule is inapplicable here.

III

In *People v Pixler,* 134 Mich App 143, 145; 350 NW2d 765 (1984), this Court found that once the defendant's original conviction was reversed on appeal he was no longer an inmate of the state prison awaiting trial on other charges, but, rather, was a pretrial detainee, and, therefore, the 180-day rule did not apply.

On the basis of *Pixler,* we agree with the prosecution that the 180-day rule is inapplicable here. Defendant was an inmate of a state penal institution only as long as he had a conviction and sentence that placed him in that system. Once this Court reversed defendant's sole conviction and judgment of sentence, defendant was no longer an inmate of a state penal institution as envisioned by MCL 780.131; MSA 28.969(1). This is not a case where defendant remained in prison to serve time on unrelated convictions.

In support of his argument, defendant relies on *People v Walker,* 111 Mich App 641; 314 NW2d 721 (1981). In *Walker,* the defendant appealed his plea-based conviction, arguing that the prosecution violated the 180-day rule contained in MCL 780.131; MSA 28.969(1) and that the trial court therefore was divested of its jurisdiction when it accepted his guilty plea. This Court in *Walker* reversed the defendant's conviction after finding a violation of the 180-day rule. We find *Walker* to be

inapplicable to the instant case because, at the time this Court reversed the defendant's original conviction in *Walker,* the defendant, unlike defendant in this case, was serving two other sentences and remained an inmate of the Department of Corrections following the reversal of his original conviction.

Affirmed.