PEOPLE v CHAMBERS

Docket No. 90505. Decided January 6, 1992. On application by the defendant for leave to appeal, the Supreme Court, in lieu of granting leave, affirmed the judgment of the Court of Appeals. Rehearing denied *post,* 1231.

Floyd C. Chambers was charged in the Wayne Circuit Court with assault with intent to commit criminal sexual conduct involving sexual penetration, assault with intent to commit murder, two counts of armed robbery, two counts of possession of a firearm during the commission of a felony, and second-degree criminal sexual conduct. Initially, the defendant pleaded guilty of assault with intent to commit murder, armed robbery, and felony-firearm. Thereafter, the court, William L. Cahalan, J., granted the defendant's motion to withdraw his guilty pleas, but the defendant remained incarcerated. Later, the court, Richard P. Hathaway, J., denied the defendant's motion to dismiss the case on the basis of the 180-day rule, MCL 780.131; MSA 28.969(1) and MCL 780.133; MSA 28.969(3). The defendant then pleaded nolo contendere to the charged offenses and was resentenced, Robert J. Columbo, J. The Court of Appeals, DOCTOROFF, P.J., and GRIFFIN and REILLY, JJ., affirmed in an unpublished opinion per curiam (Docket No. 99305). The defendant seeks leave to appeal whether a person whose conviction has been reversed or otherwise set aside, but who nonetheless remains in custody, is subject to the 180-day rule.

In an opinion per curiam, signed by Justices BRICKLEY, BOYLE, RILEY, GRIFFIN, and MALLETT, the Supreme Court *held:*

The 180-day rule does not apply.

Taken as a whole, the rule was intended to apply to an inmate who is incarcerated as a result of a conviction other than the untried information at issue.

Affirmed.

CAVANAGH, C.J., and LEVIN, J., would grant or deny leave to appeal, but would not dispose of this case by an opinion per curiam.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *John D. O'Hair,* Pros-

ecuting Attorney, and *Brian D. Marzec,* Assistant
Prosecuting Attorney, for the plaintiff.

*Norris J. Thomas, Jr.,* for the defendant.

PER CURIAM. The question presented by the
defendant's delayed application for leave to appeal
is whether a person whose conviction has been
reversed or otherwise set aside, but who nonethe-
less remains in the custody of the Department of
Corrections, is subject to the 180-day rule of MCL
780.131; MSA 28.969(1) and MCL 780.133; MSA
28.969(3). The circuit court and the Court of Ap-
peals have held that the rule does not apply to
such a defendant. We affirm.

I

A seven-count felony information[1] was filed
against defendant on December 18, 1984. Initially,
defendant pleaded guilty of assault with intent to
commit murder, armed robbery, and possession of
a firearm during the commission of a felony. He
was sentenced to fifteen to twenty-five years im-
prisonment for the assault and robbery convictions
and to a consecutive two-year term for the felony-
firearm conviction.

On June 16, 1986, defendant filed a motion to
withdraw his guilty plea on the basis that a tran-
script of the plea proceeding could not be located
or prepared. On June 27, 1986, the trial court
granted defendant's motion to withdraw and set
aside his guilty plea.

On April 1, 1987, defendant pleaded nolo con-

[1] The charges were assault with intent to commit criminal sexual
conduct involving sexual penetration, MCL 750.520g; MSA 28.788(7),
second-degree criminal sexual conduct, MCL 750.520c(1)(e); MSA
28.788(3)(1)(e), assault with intent to commit murder, MCL 750.83;
MSA 28.278, two counts of armed robbery, MCL 750.529; MSA 28.797,
and two felony-firearm counts, MCL 750.227b; MSA 28.424(2).

tendere[2] to all seven charges. He was again sentenced to prison, this time with his longest term being ten to fifteen years, consecutive to the mandatory two-year sentences for the felony-firearm convictions.

II

The issue presented by the instant appeal arises from the fact that from the time his motion to withdraw the guilty plea was granted until shortly before the nolo contendere plea, the defendant remained in the custody of the Department of Corrections at the Kinross Correctional Facility, even though he was not being held pursuant to any conviction and sentence.

Shortly after the expiration of 180 days after the setting aside of his initial plea, the defendant moved to dismiss on the basis of MCL 780.131; MSA 28.969(1)[3] and MCL 780.133; MSA

---

[2] The issue whether the plea of nolo contendere waives the issue of the application of the 180-day rule is not present in this case. See *People v Smith,* 438 Mich 715; 475 NW2d 333 (1991). The parties have regarded the issue as preserved, and we will proceed to address the question.

[3]    Whenever the department of corrections receives notice that there is pending in this state any untried warrant, indictment, information, or complaint setting forth against any inmate of a correctional facility of this state a criminal offense for which a prison sentence might be imposed upon conviction, the inmate shall be brought to trial within 180 days after the department of corrections causes to be delivered to the prosecuting attorney of the county in which the warrant, indictment, information, or complaint is pending written notice of the place of imprisonment of the inmate and a request for final disposition of the warrant, indictment, information, or complaint. The request shall be accompanied by a statement setting forth the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time or disciplinary credits earned, the time of parole eligibility of the prisoner, and any decisions of the parole board relating to the prisoner. The written notice and statement shall be delivered by certified mail.

28.969(3).[4] The circuit court denied the motion,[5] and shortly thereafter the defendant tendered his nolo contendere plea to the charged offenses.[6]

After sentencing, the defendant filed a motion to withdraw the nolo contendere plea, raising speedy trial and 180-day rule issues. The motion was again denied by the circuit court.

Defendant appealed, claiming that his convictions must be reversed because his case was not scheduled for trial within 180 days of June 27, 1986, the date on which his initial guilty plea was set aside by the trial court. The Court of Appeals affirmed in an unpublished per curiam opinion. It rejected defendant's contention, relying principally on the context of the language of § 1 of the statute. The Court said:

> Section 1 of the act requires that the Department of Corrections give written notice of the inmate's location to the prosecuting attorney of the county in which the warrant, indictment, information or complaint is pending. Unless the prisoner was somehow "lost" in the penal system, such notice would hardly be deemed necessary in situations such as defendant's because the prosecutor to whom the notice would be sent is the one who caused the confinement initially. Further, § 1

This section was amended by 1988 PA 400, but the amendment does not affect the portion of the statute relevant to the instant appeal.

[4] In the event that, within the time limitation set forth in section 1 of this act, action is not commenced on the matter for which request for disposition was made, no court of this state shall any longer have jurisdiction thereof, nor shall the untried warrant, indictment, information or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

[5] The circuit court's ruling addressed only the defendant's general speedy trial motion claims, and not the 180-day rule theory.

[6] At the plea proceeding defense counsel indicated the defendant's intention to appeal with regard to the 180-day rule issue.

requires that the Department of Corrections ac-
company the notice with a statement as to "the
term of commitment under which the prisoner is
being held, . . . the time remaining to be served
on the sentence, . . . the time of parole eligibility
of the prisoner, and any decisions of the parole
board relating to the prisoner." All of this infor-
mation would be pertinent only to an inmate who
is serving a sentence which is independent of any
charges which resulted in a conviction which was
reversed on appeal, or set aside on a withdrawn
guilty plea. Therefore, we conclude that within the
context of § 1, an "inmate" must be a prisoner who
is serving a sentence unrelated to the pending
charges. [Unpublished opinion per curiam of the
Court of Appeals, decided October 8, 1990 (Docket
No. 99305), pp 2-3.]

The defendant has filed a delayed application for
leave to appeal to this Court.

III

This issue has arisen a number of times in Court
of Appeals decisions, with conflicting results. Cases
such as *People v Pixler,* 134 Mich App 143; 350
NW2d 765 (1984), and *People v Holbrook,* 180
Mich App 710; 447 NW2d 796 (1989), have held
that the statute does not apply to persons in the
posture of defendant Chambers. On the other
hand, cases such as *People v Walker,* 111 Mich
App 641; 314 NW2d 721 (1981), and *People v
Leroy,* 157 Mich App 334; 403 NW2d 555 (1987),
have concluded that charges must be dismissed
where the initial conviction was reversed and the
defendant was not retried within 180 days.

The statute speaks of "any untried information"
brought against "any inmate of a correctional
facility." Reading these phrases in isolation, the
defendant has a plausible argument that the stat-

ute applies without regard to whether the incarceration resulted from a sentence of commitment separate from the case for which the defendant is awaiting prosecution. However, we agree with the Court of Appeals in the instant case and in *Pixler* and *Holbrook* that, reading the statute as a whole, the Legislature intended that the statute apply to an inmate who is incarcerated as a result of a conviction other than the untried information in question. Defendant, by contrast, was effectively in the status of a pretrial detainee.

This case is unusual because the defendant remained in a Department of Corrections facility for many months after his initial conviction was set aside.[7] However, the position argued by the defendant would produce anomalous results in more typical cases. Normally, following the setting aside of a conviction, the Department of Corrections would be notified of the change of the inmate's status and the defendant would be transferred to local detention facilities either for pretrial incarceration or release on bail. If defendant Chambers' theory were to be accepted, the statute would apply to such a defendant, even though that person would be treated in the same manner as a newly charged defendant.

Accordingly, pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal, the judgment of the Court of Appeals is affirmed.

BRICKLEY, BOYLE, RILEY, GRIFFIN, and MALLETT, JJ., concurred.

CAVANAGH, C.J., and LEVIN, J. We would grant or deny leave to appeal, but would not dispose of this case by an opinion per curiam.

---

[7] The record does not provide an explanation for this situation.