# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MALCOLM ABEL KING,

        Defendant-Appellant.

UNPUBLISHED
April 4, 2017

No. 328577
Wayne Circuit Court
LC No. 15-002226-01-FC

Before: M. J. KELLY, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant was convicted by a jury of second-degree murder, MCL 750.317, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced him to 20 to 50 years' imprisonment for second-degree murder, consecutive to two years for felony-firearm. Defendant's convictions arose out of the shooting death of Tiffany Couch. Defendant appeals his convictions by right, raising, both through counsel and in a Standard 4[1] brief, allegations of prosecutorial misconduct, ineffective assistance of counsel, and improper admissions of evidence. We affirm.

As an initial matter, *all* of the numerous issues defendant raises on appeal were, for one reason or another, not properly preserved at trial. Our review of this matter is therefore limited to plain error affecting defendant's substantial rights. *People v Vandenberg*, 307 Mich App 57, 61; 859 NW2d 229 (2014). To demonstrate such an error, a party must show that (1) an error occurred, (2) the error was clear or obvious, and (3) "the plain error affected [the party's] substantial rights," which "generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "Reversal is warranted only when plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings, independent of defendant's innocence." *People v Ackerman*, 257 Mich App 434, 448-449; 669 NW2d 818 (2003). Reversal is not required if a jury instruction could have cured the error. *Id.* at 449.

---

[1] Supreme Court Administrative Order No. 2004-6.

Defendant objects to the admission of evidence of firearms unconnected with the instant shooting that were recovered from his house, a stipulation that the victim in a pending criminal sexual conduct ("CSC") case identified defendant from a surveillance video, and alleged hearsay testimony from the officer in charge. None of defendant's evidentiary objections have merit.

We find that defendant was not prejudiced by the admission of the firearms, because his trial counsel affirmatively *relied on* those firearms in arguing that defendant could not have been the perpetrator because none of the guns were compatible with the bullets used in the charged crime. Defendant mischaracterizes the evidence of his identification, which did not identify the nature of the other crime under investigation, and in fact did not even implicate him in *any* other crime. Rather, it only established that a search of the Detroit Police Department's internal database had revealed that a white Jaguar registered to defendant had been mentioned in a report for a "totally unrelated investigation," and that a particular witness would testify that she had been shown a photograph of defendant and recognized him as someone with whom she was familiar. Finally, the alleged hearsay was nothing of the sort. An out of court statement is not hearsay if it is offered for a purpose other than the truth of its contents. *People v Mesick* (*On Reconsideration*), 285 Mich App 535, 540; 775 NW2d 857 (2009). Viewed in context, the challenged testimony was not offered for its truth, but rather to explain how the police investigation moved away from the person who found the victim's body and toward defendant. In addition, the officer alluded to the source of information—defendant's employer—but did not actually state what was said by the other sources.

In short, there was nothing whatsoever improper about the admission of the challenged evidence, and some of it is difficult to view as even obviously prejudicing defendant's case. Even if objections to the evidence *had* been preserved, it would merit little discussion.

Defendant argues that he received ineffective assistance of counsel for stipulating to the waiver of the CSC victim as a witness and for failing to object to the absence of another witness. The waiver was an entirely reasonable strategic decision to avoid any possibility that the jury might learn that defendant had previously sexually assaulted her. In any event, defendant has completely failed to demonstrate that her presence would have resulted in any outcome-determinative testimony. The other witness did, in fact, testify, and defense counsel actually cross-examined her. Defendant's contention that defense counsel should have objected to that witness's absence is therefore frivolous.

In his Standard 4 brief, defendant further argues that defense counsel was ineffective for failing to file a variety of motions to suppress, failing to call an expert, and made an impermissibly weak closing argument. Defendant specifically argues that evidence of cell phone tower records, evidence collected at the scene of the crime, and evidence collected from his car should have been suppressed. However, he fails to establish that the police lacked reasonable suspicion to search his car after finding a small amount of marijuana or that waiting for a K9 unit to arrive was a constitutionally unreasonable delay. Defendant's self-serving and unsupported claim that a cellmate's expert found an unspecified discrepancy with the cell tower data is insufficient to establish that defense counsel failed to investigate or that an expert opinion would have been of any benefit. At most, defendant raises concerns that affect the weight of the evidence, which defense counsel thoroughly explored at trial, including cross-examining a police officer regarding typographical errors and mislabeled evidence. Because the evidence was not

inadmissible, defense counsel cannot be ineffective for failing to advance a meritless argument. *People v Thomas*, 260 Mich App 450, 457; 678 NW2d 631 (2004). Rather, defense counsel appears to have made sound strategic use of the evidence.

Similarly, it appears that defendant believes trial counsel should have argued to the jury that the prior search was illegal and that the bloodspots recovered during the subsequent search should have been excluded. Questions of admissibility are for the trial court, not the jury; in any event, defendant has failed to establish that the search was, in fact, illegal. Trial counsel's strategy of arguing that the real perpetrator was the person who found the body, the father of the victim's oldest child and against whom the victim had recently commenced a claim for child support; and arguing that in contrast defendant was a good person with a job, who cared for his father and had only ever been arrested for failure to show proof of insurance; was entirely reasonable. Moreover, in light of the overwhelming evidence against defendant, he has failed to establish that, but for defense counsel's closing argument, the result of the proceeding would have been different.

Finally, defendant argues, both through counsel and in his Standard 4 brief, that the prosecutor engaged in a variety of misconduct. We deem waived defendant's arguments concerning a statement made by the person who found the victim's body, because despite a request from this Court, defendant has failed to provide us with a copy thereof. *Reed v Reed*, 265 Mich App 131, 160; 693 NW2d 825 (2005), citing MCR 7.210(B); see also *Petraszewsky v Keeth*, 201 Mich App 535, 540; 506 NW2d 890 (1993). Defendant's contention that the prosecutor impermissibly bolstered that person's testimony is in part a complete mischaracterization of what occurred: the prosecutor never asked the police to comment on that person's credibility, but rather about how the investigation progressed after interviewing that person and confirming that he had been at work when the shooting occurred. In any event, the prosecutor's questions could also be considered reasonably responsive to defense counsel's cross examination regarding the poor relationship between that person and the victim, whether he benefitted from her death, and his whereabouts at the time of the shooting. See *People v Dobek*, 274 Mich App 58, 64; 732 NW2d 546 (2007).

Similarly, defendant argues that the prosecutor impermissibly relied on hearsay testimony from one of the detectives that a witness reported hearing gunshots at 4:00 p.m. Again, this mischaracterizes the records. Defense counsel elicited that particular testimony and relied on it to argue that it was impossible for defendant to commit the murder at 4:00 p.m. and appear on surveillance video at a gas station by 4:06 p.m. At the end of his argument, defense counsel invited the prosecutor to argue in rebuttal that the crime did not actually occur at 4:00 p.m. In rebuttal, the prosecutor reasserted that the exact time of the shooting was unknown, but argued that even assuming that defense counsel's argument regarding the time of the crime was correct, defendant still had time to commit the crime. The prosecutor clearly not only did not impermissibly rely on hearsay testimony, but rather properly responded to defense counsel's argument. Furthermore, although the witness who reported hearing a shot fired at 4:00 p.m. did not appear at trial because she had to go to the hospital, which is good cause under MCL 767.40a(4), her statement was not offered for its truth in any event.

Defendant also argues that the prosecutor impermissibly shifted the burden of proof during his closing argument. A prosecutor generally may not comment on a defendant's

decision not to testify and may not imply that the defendant is obligated to prove anything. *People v Fyda*, 288 Mich App 446, 462-464; 793 NW2d 712 (2010); *People v Abraham*, 256 Mich App 265, 273; 662 NW2d 836 (2003). When viewed in context, however, the prosecutor was not referring to defendant's failure to testify about a valid explanation for the shell casing in his house and the blood in his car. *People v Hicks*, 259 Mich App 518, 532-534; 675 NW2d 599 (2003); cf. *People v Holbrook*, 154 Mich App 508, 512-513; 397 NW2d 832 (1986). Rather, referring to the circumstantial evidence in closing argument, the prosecutor argued that there was no reasonable inference or explanation other than that defendant was the perpetrator. The prosecutor was commenting on the strength of the evidence presented, not defendant's failure to testify. Then, in response to defense counsel's closing argument, the prosecutor argued that although defense counsel presented defenses to certain facts, there was no reasonable defense or explanation for the shell casing and blood. On this record, the prosecutor's arguments were not improper.

Defendant argues that the prosecutor's rebuttal argument contained an impermissible attack on defense counsel, arguing that circumstantial evidence "cannot lie" and noting that " it's a common defense tactic to ask you - - to make you ask a bunch of questions that you don't have the answer." It is improper to argue to the jury that defense counsel is intentionally attempting to mislead the jury. *People v Dalessandro*, 165 Mich App 569, 579-580; 419 NW2d 609 (1988). However, it is not improper to argue to the jury that certain elements of defense counsel's arguments are irrelevant distractions, particularly where they are "made in response to defense counsel's suggestion that the prosecutor failed to recognize evidence that was allegedly problematic to the prosecution's theory" or where "any prejudicial effect could have been cured by a timely instruction." *Dobek*, 274 Mich App at 67-68. We think the prosecutor's remarks here were not unduly intemperate, and they were reasonable arguments that defense counsel's questions were attempts to distract the jury from its sole task to decide whether the evidence supported the elements of the charged offenses. Additionally, any prejudicial effect of the prosecutor's argument could have been cured by a timely instruction or the trial court's warning that the attorneys' arguments were not evidence.

Finally, defendant argues that the prosecutor improperly vouched for the credibility of the police witnesses. A prosecutor "cannot vouch for the credibility of his witnesses to the effect that he has some special knowledge concerning a witness'[s] truthfulness." *People v Bahoda*, 448 Mich 261, 276; 531 NW2d 659 (1995). However, "a prosecutor may comment on his or her own witnesses' credibility, especially when credibility is at issue." *People v Bennett*, 290 Mich App 465, 478; 802 NW2d 627 (2010). "[P]rosecutorial arguments regarding credibility are not improper when based on the evidence, even if couched in terms of belief or disbelief." *People v Unger*, 278 Mich App 210, 240; 749 NW2d 272 (2008).

Viewed in context, the prosecutor's remarks were a proper response to defense counsel's attack on the credibility of the police. *Dobek*, 274 Mich App at 64. Although the prosecutor argued that the jury could see that there was no reward, such as fame or money, for making a case against defendant, the prosecutor did not imply that he had any special knowledge regarding the truthfulness of the police testimony. The prosecutor instead argued that the evidence, alone, would prove that the police officers were not untruthful and that defendant was the perpetrator. Because the prosecutor's argument was tied to the evidence—including the lack of evidence regarding the detectives' motivation to be untruthful—his statements were a permissible

response to defendant's attack on the officers' credibility. Again, defendant has not established plain error affecting his substantial rights regarding the prosecutor's statements.

Affirmed.

/s/ Michael J. Kelly
/s/ William B. Murphy
/s/ Amy Ronayne Krause